### 196

Jacob Wirth & Co.,
Incorporated
vs.                      } Eq.No.4097
George Lalanne

June 27, 1918

TANNER, P. J. Complainant asks for an injunction against the defendant on the ground that it, the said complainant, is the sole agent for Ehret's beer and that the respondent has placed the sign, Ehret's Cafe, over his place of business and is selling therein as Ehret's beer, beers not manufactured by Ehret, and that Ehret's beer is a well known brand of beer.

The case is heard upon demurrer. The Court expressed some doubt at the hearing as to whether or not the words, "Ehret's Cafe," could be considered as an indication to the public that Ehret's beer was sold therein.

We still have some doubt as to whether it can be said that the sign, Ehret's Cafe, is an advertisement of the sale of Ehret's beer, since the chief business of a cafe is ordinarily

considered to be that of furnishing food and incidental drinks. It may, however, be that the public knowing that Ehret is a well known manufacturer of beer, the words "Ehret's Cafe" might indicate to the public that Ehret's beer was being sold there. If such a sign is sufficient to indicate to the public that Ehret's beer is being sold there, the sale of other beer as Ehret's beer would, of course, be unfair competition and should be enjoined.

Notwithstanding our doubt on this subject, it may be that complainant has stated a case and for this reason we will overrule the demurrer.

For Complainant: Comstock & Canning.

For Respondent: P. S. Knauer, George Hurley and T. F. Farrell.